
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>DANIEL LYN BENNETT,<br><br>Defendant/Movant. | Cause No. CR 09-04-M-DWM<br>CV 16-93-M-DWM<br><br>ORDER DENYING<br>§ 2255 MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

This case comes before Defendant Bennett's letter requesting that counsel be appointed to represent him. Bennett suggests he is eligible for relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). He intends to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Bennett has already filed one § 2255 motion and litigated it to conclusion. *See* mot. § 2255 (Doc. 289); Order (Doc. 301). This Court lacks jurisdiction to consider a second motion unless the Court of Appeals authorizes Bennett to file it. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Because the Court of Appeals would have jurisdiction, the Court has considered whether to transfer the motion to that court. But neither the offense to which Bennett pled guilty nor any part of his advisory guideline calculation required the Court to interpret a residual clause or to determine what constitutes a "crime of violence" or "violent felony." Bennett is not eligible for relief under

1

*Johnson*. Therefore, it is not in the interests of justice to transfer Bennett's motion to the Court of Appeals. *See* 28 U.S.C. § 1631.

A certificate of appealability is not warranted. Bennett has not made a showing that he was deprived of a constitutional right. Because *Johnson* is not implicated in Bennett's case, reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bennett's letter, recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 335) is DISMISSED for lack of jurisdiction as an unauthorized second motion.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bennett files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-93-M-DWM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this __19__ day of July, 2016.

Donald W. Molloy
United States District Court